UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JEREMY MILLIRON, | No. 03:11-cv-00656-HU |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Tim Wilborn
WILBORN LAW OFFICE, P.C.
P.O. Box 370578
Las Vegas, NV 89137

    Attorney for Plaintiff

Adrian L. Brown
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Richard Rodriguez
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

Page 1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge:

Before the Court is Plaintiff Jeremy Milliron's ("Plaintiff") unopposed motion for attorneys' fees pursuant to 42 U.S.C. § 406(b).[1] Plaintiff's counsel seeks approval of attorneys' fees in the amount of $12,612.50—which represents 25% of the past due benefits awarded to Plaintiff—less $6,100.00 in attorneys' fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Based on the factors established in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), and explained in *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc), the Court recommends granting Plaintiff's unopposed motion (Docket No. 18) for § 406(b) fees.

## I. BACKGROUND

Plaintiff filed the present action on May 31, 2011, seeking judicial review of the Commissioner of Social Security's ("Commissioner") denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. This is the second time Plaintiff has sought judicial review of the Commissioner's denial of his applications. The first proceeding was filed by Plaintiff's counsel of record on October 29, 2007, and it was assigned to Judge Anna Brown. Plaintiff's counsel obtained a stipulated remand shortly after filing a twenty-page opening brief on August 14, 2008, wherein he challenged many (if not all)

---

[1] Plaintiff's counsel indicates that the motion is unopposed in the body of the first paragraph. The Commissioner also filed a response brief stating that she has given substantive consideration to the merits of the fee request and found no basis to object.

Page 2 - FINDINGS AND RECOMMENDATION

of the issues addressed in the district court's agreed-upon remand order.  On February 11, 2009, the district court entered an order approving Plaintiff's counsel's unopposed application for EAJA fees in the amount of $4,900.00.[2]

When Plaintiff returned to federal district court for a second time on May 31, 2011, after further unsuccessful proceedings before an Administrative Law Judge ("ALJ"), his counsel negotiated with the Commissioner and obtained a stipulated remand without filing any briefing.  It's clear from the district court's November 29, 2011 remand order, however, that many of the issues raised by Plaintiff's counsel in the first proceeding remained outstanding.  On February 28, 2012, Judge Hernandez entered an order approving Plaintiff's counsel's unopposed application for EAJA fees in the amount of $1,200.00.[3]  A little over two years later, after receiving a favorable outcome on the second remand (an award of $50,450.00 in past due benefits), Plaintiff's counsel filed the unopposed motion for § 406(b) fees which is now before the Court.

## II. LEGAL STANDARD

**A.  Section 406(b)**

In Social Security cases, attorney fee awards are governed by § 406(b), which provides in pertinent part:

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine

---

[2] Plaintiff's counsel submitted detailed time records indicating that he and another attorney spent a combined total of 28.7 hours on the case before Judge Brown.

[3] Plaintiff's counsel submitted detailed time records indicating that he spent a total of 7.30 hours litigating the second proceeding.

Page 3 - FINDINGS AND RECOMMENDATION

> and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

**B.  Controlling Precedent**

*Gisbrecht* concerned fees awarded under § 406(b). *Gisbrecht*, 535 U.S. at 792. Specifically, the Supreme Court addressed the question, which sharply divided the Federal Courts of Appeals: "What is the appropriate starting point for judicial determinations of a reasonable fee [under § 406(b)] for representation before the court?" *Id.*

For the purposes of the opinion, the Supreme Court consolidated three separate actions where the District Court, based on Circuit precedent, declined to give effect to the attorney-client fee arrangement. *Id.* at 797. Instead, the District Court employed a lodestar method whereby the number of hours reasonably devoted to each case was multiplied by a reasonable hourly fee. *Id.* at 797-98. The *Gisbrecht* court concluded that § 406(b) requires a court to review the contingent-fee arrangement, to assure they yield reasonable results. *Id.* at 807. Congress provided one boundary line: contingent-fee agreements are unenforceable if they exceed 25% percent of past-due benefits. *Id.* Within that 25% boundary, however, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Courts are instructed to first test the contingent-fee agreement for reasonableness. *Id.* at 808. An award of § 406(b) fees can be appropriately reduced based on (1) the character of the

Page 4 - FINDINGS AND RECOMMENDATION

representation; (2) the results achieved; (3) when representation is substandard; (4) if the attorney is responsible for delay; and (5) if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* The claimant's attorney may be required to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases in order to aid the court's assessment of reasonableness. *Id.* Lastly, the *Gisbrecht* court added that "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.*

In *Crawford*, the Ninth Circuit reviewed three consolidated appeals and determined that, in each case, the district court failed to comply with *Gisbrecht's* mandate. *Crawford*, 586 F.3d at 1144. In each of the three cases, the claimant signed a written contingent-fee agreement whereby the attorney would be paid 25% of any past-due benefits awarded. The *Crawford* court noted that contingency-fee agreements, which provide for fees of 25% of past-due benefits, are the norm for Social Security practitioners. *Id.* at 1147. However, since the Social Security Administration ("SSA") "has no direct interest in how much of the award goes to counsel and how much to the disabled person, the district court has an affirmative duty to assure the reasonableness of the fee is established." *Id.* at 1149. Performance of that duty begins by asking whether the amount of the fee agreement need be reduced. *Id.*

At the outset, the attorneys in *Crawford* requested fees representing 13.94%, 15.12% and 16.95% of past-due benefits, *id.* at

Page 5 - FINDINGS AND RECOMMENDATION

1145-47, because they felt "the full 25% fee provided for by their fee agreements would be unreasonable." *Id.* at 1150 n.8. If the attorneys had received the 25% fee provided for by their agreements, they would have been awarded fees ranging from $19,010.25 to $43,055.75. *Id.* at 1150. Even so, the district courts still reduced the contracted fees by between 53.7% and 73.30%, which produced fees that represented 6.68% to 11.61% of the past-due benefits. *Id.* All three decisions were reversed because they relied on lodestar calculations and rejected the primacy of lawful attorney-client fee agreements. *Id.* That is to say, the district courts erroneously began with a lodestar calculation by comparing the lodestar fee to the requested fee award. *Id.* As the Ninth Circuit recognized:

> In *Crawford*, for example, the district court awarded 6.68% of the past-due benefits. From the lodestar point of view, this was a premium of 40% over the lodestar. . . . But from the contingent-fee point of view, 6.68% of past-due benefits was over 73% less than the contracted fee and over 60% less than the [already] discounted fee the attorney requested. Had the district court started with the contingent-fee agreement, ending with a 6.68% fee would be a striking reduction from the parties' fee agreement. This difference underscores the practical importance of starting with the contingent-fee agreement and not just viewing it as an enhancement.

*Id.* at 1150-51.[4]

### III. DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins by reviewing the contingency fee agreement entered into by Plaintiff and his counsel. The contingency agreement states that Plaintiff agreed to pay attorneys' fees not to exceed 25% of any past due

---

[4] The attorneys in *Washington* and *Trejo* were dealt a 23% and 47% reduction, respectively. *Id.* at 1151 n.9.

Page 6 - FINDINGS AND RECOMMENDATION

benefits resulting from his claims.  Because Plaintiff was awarded approximately $50,450.00 in past due benefits, and because the requested fee of $12,612.50 represents 25% of Plaintiff's award, it is evident that Plaintiff's counsel has submitted a request that does not exceed the statutory maximum.

With respect to the reasonableness of the fee requested, the Court is satisfied that no down adjustment is warranted.  The character of the representation and the results achieved ($50,450 in past due benefits) were both good, especially when you consider the fact that Plaintiff's counsel began working on this case over six years ago.  Moreover, the representation of Plaintiff was professional, there was no significant delay attributable to Plaintiff's counsel, and the fee was in proportion to the time spent on the case and would not result in a windfall to Plaintiff's counsel.  Plaintiff's counsel spent approximately 36 hours on the two appeals to federal district court.  Thus, the effective hourly rate for the requested fee is approximately $350.35 ($12,612.50 divided by 36 hours), which is below many effective hourly rates that have been approved in this district.  *See Ross v. Comm'r Soc. Sec.*, No. 6:10-cv-06410-SI, 2014 WL 2442331, at *2 (D. Or. May 30, 2014) (collecting cases and making the same observation in approving a fee request that resulted in an effective hourly rate of $380).

### IV. CONCLUSION

For the reasons stated, the Court recommends granting Plaintiff's unopposed motion (Docket No. 18) for § 406(b) fees in amount of $12,612.50, less the $6,100.00 previously awarded under the EAJA.

Page 7 - FINDINGS AND RECOMMENDATION

**V. SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **July 14, 2014.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **August 1, 2014.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 25th day of June, 2014.

/s/ Dennis J. Hubel

_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 8 - FINDINGS AND RECOMMENDATION